UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYSZARD SADOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | Judge |
| CITY OF CHICAGO, ) | |
| JOHN C. HENRY, ) | Magistrate Judge |
| HERMAN SAINT-LOUIS, ) | |
| N. C. LIBOY, ) | |
| RICK V. WILDER, ) | |
| MATEUSZ JASINSKI, ) | |
| LARRY M. DEL DOTTO, ) | |
| ROMERO, ) | |
| REYMOND M. MALLARI, ) | |
| SUNIL ARORA, ) | |
| MARINA BEKIC, ) | |
| COMMUNITY FIRST HEALTHCARE OF ) | |
| ILLINOIS, INC., d/b/a ) | |
| COMMUNITY FIRST MEDICAL CENTER, ) | |
| Defendants. | |

**COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff Ryszard Sadowski is a resident of Chicago.

5. Defendant Officers John C. Henry, Star 7527, Herman Saint-Louis, Star 17424, N. C. Liboy, Star 13447, Rick V. Wilder, Star 19951, and Mateusz Jasinski, Star 5007, (hereinafter "Defendant-Officers") are duly appointed and sworn Chicago police officers.

6. Defendant Fire and/or Emergency Medical Personnel Field Chief Larry M. Dotto and other unknown Ambulance 3 personnel (hereinafter "Defendant-EMP") are duly appointed and sworn Chicago fire and/or emergency medical personnel.

7. EMS Coordinator Romero, Reymond M. Mallari, R.N., Sunil Arora, M.D., ad Marina Bekic, D.O. (hereinafter "Medical Staff") are medical personnel and employees of Community First Medical Center.

8. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

9. The Defendant-Officers are sued in their individual capacities.

10. At all times relevant to this Complaint, the Defendant-EMP were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

11. The Defendant-EMP are sued in their individual capacities.

12. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers and the Defendant-EMP.

13. At all times relevant to the Complaint, the Medical Staff were acting the course and scope of their employment or agency.

14. Community First Healthcare of Illinois, Inc., d/b/a Community First Medical Center (hereinafter "CFMC"), is a corporation registered and licensed to do business in Illinois, and is the employer and principal of the Medical Staff.

15. Alternatively, at all times relevant to the Complaint, the Medical Staff were apparent and/or authorized agents of CFMC, authorized to provide medical services on behalf of CFMC.

**Facts**

16. On August 28, 2016, at approximately 5:30 in the afternoon, Plaintiff was sitting in the driver's seat of his vehicle inside his garage on his private property at or near 2552 North Major Avenue in Chicago, Illinois.

17. Some or all of the Defendant-Officers and Defendant-EMP arrived at Plaintiff's residence where they observed Plaintiff sitting in his vehicle inside his garage on his private property at or near 2552 North Major Avenue.

18. Some or all of the Defendant-Officers and Defendant-EMP proceeded to seize Plaintiff by ordering him into a Chicago Fire Department Ambulance.

19. Some or all of the Defendant-Officers and Defendant-EMP failed to intervene in the seizure of Plaintiff.

20. Plaintiff objected to going to the hospital, refused medical treatment, and objected to being forced into the ambulance.

21. Plaintiff's wife and daughter, who were present, also objected to Plaintiff going to the hospital, being forced into the ambulance and stated that Plaintiff refused medical treatment.

22. One of the Defendant-EMP physically pushed Plaintiff's wife when she objected to forcing Plaintiff to get in the ambulance

23. Over Plaintiff's objections and refusal of medical treatment, as well as the reiteration of the refusal by Plaintiff's wife and daughter, some or all of the Defendant-Officers and Defendant-EMP took, or failed to intervene in the taking of, Plaintiff to CFMC.

24. Upon arrival at CFMC, Plaintiff continued to refuse medical treatment and object to being in the hospital.

25. Plaintiff's wife and daughter also reiterated Plaintiff's objections and refusal of medical treatment.

26. Some or all of the Defendant-Officers, Defendant-EMP and/or Medical Staff spoke to Plaintiff about drawing blood and obtaining a urine sample from Plaintiff.

27. Plaintiff refused and objected to both the drawing of his blood and providing a urine sample.

28. Plaintiff's wife and daughter reiterated Plaintiff's objections and refusal.

29. Some or all of the Defendant-Officers, Defendant-EMP and/or Medical Staff threatened to catheterize Plaintiff if he did not give a urine sample.

30. Some or all of the Defendant-Officers, Defendant-EMP and/or Medical Staff restrained Plaintiff in order to physically and forcibly draw his blood.

31. In the face of these threats and physical restraints, some or all of the Medical Staff drew Plaintiff's blood.

32. In the face of these threats and physical restraints, Plaintiff provided a urine sample.

33. Plaintiff's blood was drawn and a urine sample obtained without his consent and under duress, threat and coercion.

34. The Defendant-Officers did not obtain a warrant to obtain a blood or urine sample from Plaintiff.

35. To the extent that some of the Defendant-Officers and/or Defendant-EMP did not personally order, restrain, threaten, coerce or force Plaintiff to provide blood and urine, they failed to intervene in their fellow officers' and personnel's actions.

36. To the extent that some of the Medical Staff did not personally restrain, threaten, coerce or force Plaintiff to provide blood and urine, they supervised, approved and/or permitted their co-workers' actions.

37. Plaintiff was eventually released from CFMC without any further medical treatment based on his refusal of medical treatment.

38. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages, including loss of physical liberty, invasion of his bodily integrity, and emotional distress.

## COUNT I
## 42 U.S.C. § 1983 – Unreasonable Seizure

39. Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

40. Some or all of the Defendant-Officers and Defendant-EMP seized and forcibly took Plaintiff to the hospital despite his refusal of medical treatment.

41. Some or all of the Defendant-Officers and Defendant-EMP failed to intervene in the seizure and forcible taking of Plaintiff despite his refusal of medical treatment.

42. The Defendant-Officers and Defendant-EMP violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizure.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendant-Officers and Defendant-EMP,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983 – Unreasonable Search

43. Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

44. Some or all of the Defendant-Officers and/or Defendant-EMP obtained Plaintiff's blood and urine, by forcibly taking Plaintiff to the hospital, by directing the Medical Staff to do so, and by threatening and restraining Plaintiff, without Plaintiff's consent and without a warrant.

45. Some or all of the Defendant-Officers and/or Defendant-EMP failed to intervene in obtaining Plaintiff's blood and urine, by forcibly taking Plaintiff to the hospital, by directing the Medical Staff to do so, and by threatening and restraining Plaintiff, without Plaintiff's consent and without a warrant..

46. The Defendant-Officers and Defendant-EMP violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable search.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendant-Officers and Defendant-EMP,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
## Battery

47. Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

48. Defendants Medical Staff made offensive or harmful contact with Plaintiff by restraining Plaintiff and drawing Plaintiff's blood.

49. Such offensive or harmful contact was made without Plaintiff's consent and over his objection and despite his refusal of medical treatment.

50. Such offensive or harmful contact caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Medical Staff,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
## Assault

51. Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

52. Defendants Medical Staff threatened offensive or harmful contact with Plaintiff by threatening to catheterize him to coerce him to give a urine sample and by restraining him in order to force him to give a blood sample.

53. These acts by Defendants Medical Staff caused Plaintiff to have a reasonable apprehension of an imminent, offensive contact.

54. These acts by Defendants Medical Staff caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff asks that this Honorable Court:

7

    a)    Enter judgment against Defendants Medical Staff,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### Respondeat Superior

55.    Plaintiff realleges paragraphs 1 through 54 as if fully set forth herein.

56.    Defendants Medical Staff, were acting in the scope of their employment and/or as agents of Defendant CFMC.

57.    Defendant CFMC is liable for the acts of its agents and employees, and is therefore liable for assault, battery and any other state law claim that arises out of the incident that is the subject of this Complaint.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against CFMC,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### Indemnification Claim pursuant to 745 ILCS 10/9-102

58.    Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

59.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages and attorneys' fees in this case arising from the Defendant-Officers' and Defendant-EMP's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers and Defendant-EMPs for any judgment for compensatory damages and attorneys' fees in this case arising from their actions.

60. Jury trial demanded.

                                          Respectfully submitted,

                                          /s/ Amanda S. Yarusso
                                           Counsel for Plaintiff

Amanda S. Yarusso
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(773) 510-6198